NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA 08-1356

STATE OF LOUISIANA

VERSUS

CARL ALEXANDER JACKSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13,996-07
HONORABLE DAVID A. RITCHIE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

John F. DeRosier
District Attorney - Fourteenth JDC
David Palay
Assistant District Attorney

**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**


**Mark O. Foster**
**Louisiana Appellate Project**
**P.O. Box  2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Carl Alexander Jackson**

PETERS, J.

_____The defendant, Carl Alexander Jackson, pled guilty as charged to the offense of distribution of cocaine, a violation of La.R.S. 40:967(A). Thereafter, the trial court sentenced him to serve five years at hard labor, with the first two years of the sentence to be without benefit of parole, probation, or suspension of sentence. The trial court ordered that the sentence run concurrently with sentences the defendant was serving on two other convictions.

In this appeal, counsel for the defendant has filed a motion to withdraw together with a brief asserting that after review of the trial court record, he found no non-frivolous errors subject to review on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). This court notified the defendant of his counsel's request to withdraw and advised him of the time limit for notifying this court of his intention to file a brief. The defendant did not timely respond to that notification.

**OPINION**

Little is said on the record concerning the underlying facts giving rise to this criminal charge. In fact, the record of the plea and sentencing hearing reflects little more than the fact that the defendant had distributed cocaine on May 27, 2005. What is clear, however, is that the defendant's plea resulted from a plea agreement with the State of Louisiana (state) wherein the state agreed not to pursue other pending charges in exchange for the defendant's plea. Additionally, although it was not made a part of the plea agreement, the state recommended the sentence ultimately imposed by the trial court.

In *Benjamin*, 573 So.2d at 531, the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the pleadings, the minute entries, the charging instrument, and the transcripts. The defendant was properly charged in an indictment and was present, either in person or by simultaneous audio-visual transmission, and represented by counsel at all crucial stages of the proceedings. He entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

The defendant received a legal sentence for the offense to which he pled guilty as the incarceration sentencing range for distribution of cocaine is imprisonment at hard labor for two to thirty years, with the first two years being without benefit of parole, probation, or suspension of sentence. La.R.S. 40:967(B)(4)(b). Thus, the sentence is in the lower range for the offense charged, and the record suggests that the defendant is a third-felony offender. Additionally, the defendant has the benefit of the sentence running concurrently with two other charges. Absent an abuse of discretion, this court will not find a sentence excessive when it falls within statutory limits. *State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, *writ*

2

*denied*, 07-448 (La. 10/12/07), 965 So.2d 397. We find no abuse of discretion in the imposition of this sentence.

In accordance with La.Code Crim.P. art. 920, we have also reviewed this appeal for errors patent on the face of the record, but find none. Our review of the record has revealed that there are no issues which would support an assignment of error on appeal. Accordingly, the defendant's conviction and sentence are affirmed, and appellate defense counsel's motion to withdraw is granted.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction and sentence in all respects and grant his counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

KA08-1356

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

    Appellee

VERSUS

CARL ALEXANDER JACKSON

    Defendant-Appellant


On Appeal from the Fourteenth Judicial District Court, Docket Number 13996-07, Parish of Calcasieu, State of Louisiana, Honorable David Alexander Ritchie, Judge.

## **O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

    IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted. Appellant's conviction and sentence are affirmed.

    THUS DONE AND SIGNED this _____ day of _____, 2009.


_____
Judge Oswald A. Decuir


_____
Judge Jimmie C. Peters


_____
Judge Shannon J. Gremillion